Robert Gene KEENY, Movant-Appellant,

v.

STATE of Missouri, Respondent
(two cases).

STATE of Missouri, Respondent,

v.

Robert Gene KEENY, Appellant.

Nos. 10941, 10946 and 10361.

Missouri Court of Appeals,
Springfield District En Banc.

Dec. 26, 1978.

Nicholas R. Fiorella, Springfield, for movant-appellant in No. 10941.

Richard T. Martin, Gainesville, for movant-appellant in No. 10946.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent in Nos. 10941, 10946.

John D. Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent in No. 10361.

Don M. Henry, West Plains, for appellant in No. 10361.

BILLINGS, Judge.

### No. 10941

Defendant Robert Gene Keeny was convicted of first degree robbery in Bates County in 1966 and sentenced under the Second Offender Act [§ 556.280, RSMo 1969] to 25 years imprisonment. The judgment was affirmed by our Supreme Court in 431 S.W.2d 95 (Mo.1968). Three prior felony convictions formed the basis for the prosecution of defendant as a second offender.

In 1976 defendant filed this proceeding for Writ of Error Coram Nobis in the Circuit Court of Webster County. He contended that the guilty plea which he entered to a felony charge in that court in 1964 was constitutionally infirm, and that the conviction resulting therefrom should not have been used in his prosecution as a second offender. The trial court denied relief and defendant appealed.

### No. 10946

By a proceeding brought in the Circuit Court of Oregon County in 1977, defendant sought to invalidate a 1956 Oregon County grand larceny conviction which had followed his guilty plea. The 1956 felony conviction was one of the three used to trigger his prosecution as a second offender in the 1966 robbery trial. Defendant's application was denied and he appealed.

### No. 10361

Defendant was convicted of second degree murder in the Circuit Court of Oregon County in 1975 and appealed. This court adopted an opinion affirming that conviction and denied defendant's motion for a rehearing. While defendant's motion to transfer was pending before our Supreme Court, defendant died, and his motion to transfer was ordered stricken because of his death.

### Death of Defendant

A certified copy of the certificate of death filed with this court shows defendant died of a heart attack on November 13, 1978, while he was incarcerated in the state penitentiary at Jefferson City. His death

abates these appeals. *State v. Macklin*, 560 S.W.2d 69 (Mo.App.1977); 21 Am.Jur.2d Criminal Law § 608 (1965); 83 A.L.R.2d 864, et seq.; Annot., Criminal Case—Death Pending Appeal (1962).

The appeals are dismissed.

All concur.