559 So.2d 320 (1990)
Harry Clarence JACKSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-2982.
District Court of Appeal of Florida, Third District.
April 3, 1990.
*321 Harry Clarence Jackson, in pro. per.
Robert A. Butterworth, Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
This is an appeal from the denial of an application for habeas corpus challenging a previous criminal conviction. The trial court based its determination on the ground that the petition was an unauthorized substitute for a Rule 3.850 motion which Jackson had not timely filed. During the pendency of this appeal, Jackson died in prison. On this ground, the appeal is dismissed.
The courts of Florida have uniformly held that the death of a defendant, during the course of and prior to the disposition of a direct appeal from his conviction, results in an ab initio abatement of the prosecution in the trial and appellate courts. Parker v. State, 530 So.2d 1084 (Fla. 3d DCA 1988); see also, Kearns v. State, 536 So.2d 1187 (Fla. 5th DCA 1989); D.R. v. State, 541 So.2d 1202 (Fla. 3d DCA 1988). This rule is not applicable here where the conviction has become final and only a collateral attack upon it is involved. In this circumstance, we conclude that the controlling analogy is the principle that a death during the pendency of a petition for writ of certiorari in the Supreme Court seeking review of an affirmance of a conviction on the merits results in the outright dismissal of that proceeding. See Dove v. United States, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976); United States v. Pauline, 625 F.2d 684 (5th Cir.1980). Accordingly, this appeal is Dismissed.