COMMONWEALTH *vs.* JOHN E. DE LA ZERDA.

Middlesex. April 29, 1993. - September 15, 1993.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & GREANEY, JJ.

*Practice, Criminal*, Appeal, New trial. *Supreme Judicial Court*, Further appellate review.

This court treated a criminal defendant's application for further appellate review of a trial judge's order denying the defendant's motion for a new trial as a collateral appeal and vacated the order granting further appellate review in circumstances in which the defendant, who had already served his sentence when he moved for a new trial and had received direct review in the Appeals Court of the denial of his motion for a new trial, died after his application for further appellate review had been granted but before oral argument of the appeal. [248-251]

COMPLAINT received and sworn to in the Somerville Division of the District Court Department on March 20, 1987.

The case was heard by *Joseph A. Grasso, Jr.,* J., and a motion for a new trial was considered by him.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

The case was submitted on briefs.

*John J. Barter* for the defendant.

*Thomas F. Reilly,* District Attorney, *& James W. Sahakian,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. We are presented with the question of what to do with an appeal when a defendant dies after we have granted his application for further appellate review of an order denying his motion for a new trial.

In May, 1987, the defendant waived his right to an initial jury trial and admitted to sufficient facts to support a charge of indecent assault and battery on a child. Based on his ad-

mission, the judge found the defendant guilty of indecent assault and battery, and imposed sentence. The defendant served his sentence.

In November, 1990, represented by new counsel, the defendant moved for a new trial pursuant to Mass. R. Crim. P. 30, 378 Mass. 900 (1979), on the ground that he did not voluntarily make his admission and waiver of his right to a trial because he did not speak English well enough to understand his colloquy with the judge.[1] The trial judge denied the motion. In an unpublished memorandum, the Appeals Court affirmed that denial. 32 Mass. App. Ct. 1116 (1992). We granted the defendant's application for further appellate review. After the case was entered here but before oral argument of the appeal, defendant's counsel filed a suggestion of death of the defendant. The Commonwealth then moved to dismiss the defendant's appeal.

The parties agree that we should not reach the merits of the appeal. They disagree, however, as to the appropriate disposition of the appeal. The defendant's counsel argues that we should dismiss the complaint.[2] The Commonwealth urges that we dismiss the appeal or, alternatively, that we vacate the order granting further appellate review. We conclude that our order allowing further appellate review should be vacated.

When a defendant dies while his conviction is on direct review, it is our practice to vacate the judgment and remand the case with a direction to dismiss the complaint or indictment, thus abating the entire prosecution. See *Commonwealth* v. *Latour*, 397 Mass. 1007 (1986); *Commonwealth* v. *Harris*, 379 Mass. 917 (1980); *Commonwealth* v. *Eisen*, 368

---

[1]An admission to sufficient facts in a District Court accompanied by a waiver of a jury trial "lends a finality to the resulting judgment of conviction identical to that which attends a conviction entered on a plea of guilty" and, thus, if there is no appeal for a trial de novo, is treated as a guilty plea and is subject to the same safeguards of voluntariness. *Commonwealth* v. *Mahadeo*, 397 Mass. 314, 316 (1986).

[2]The Commonwealth raises no objection to defense counsel's involvement in this matter in spite of the fact the defendant is dead.

Mass. 813, 814 (1975). The Federal courts and many States follow this practice. See, e.g., *United States* v. *Asset*, 990 F.2d 208, 210 (5th Cir. 1993); *United States* v. *Moehlenkamp*, 557 F.2d 126, 128 (7th Cir. 1977); *Hartwell* v. *State*, 423 P.2d 282, 284 (Alaska 1967); *State* v. *Griffin*, 121 Ariz. 538, 539 (1979); *State* v. *Carter*, 299 A.2d 891, 894-895 (Me. 1973). See Annot., Abatement of State Criminal Case by Accused's Death Pending Appeal of Conviction — Modern Cases, 80 A.L.R.4th 189, 192-195 (1990). Some States hear and decide the appeal. See, e.g., *Commonwealth* v. *Walker*, 447 Pa. 146, 147-148 n.* (1972); *State* v. *McDonald*, 144 Wis. 2d 531, 536 (1988). Others dismiss or abate the appeal but let the indictment and judgment stand. See, e.g., *Whitehouse* v. *State*, 266 Ind. 527, 529 (1977); *Vargas* v. *State*, 659 S.W.2d 422, 423 (Tex. Crim. App. 1983). See generally Annot., *supra* at 196-200.

We have not previously confronted a case in which a criminal defendant has died pending a collateral appeal. Other States that have done so have generally dismissed or abated the appeal but have refused to abate the entire prosecution. See, e.g., *Jackson* v. *State*, 559 So. 2d 320, 321 (Fla. Dist. Ct. App. 1990) (appeal from denial of application for habeas corpus); *Vick* v. *Ault*, 230 Ga. 204 (1973) (appeal from denial of petition for habeas corpus); *Keeny* v. *State*, 575 S.W.2d 850, 850-851 (Mo. Ct. App. 1978) (appeal from denial of application for writ of error coram nobis challenging guilty plea). When a defendant dies after filing a petition for certiorari, the United States Supreme Court dismisses the petition but leaves the underlying judgment untouched. See *Warden* v. *Palermo*, 431 U.S. 911 (1977); *Dove* v. *United States*, 423 U.S. 325 (1976) (overruling *Durham* v. *United States*, 401 U.S. 481 [1971]). If it has granted a petition for certiorari, the Court vacates the order granting certiorari and dismisses the petition. See *United States* v. *Green*, 113 S. Ct. 1835 (1993); *Mintzes* v. *Buchanon*, 471 U.S. 154 (1985). Lower Federal courts have interpreted the Supreme Court's practice as treating a petition for certiorari as a discretionary, collateral appeal, one sought only after a defendant has

had the benefit of an appeal of right. See *United States* v. *Oberlin*, 718 F.2d 894, 896 (9th Cir. 1983); *United States* v. *Moehlenkamp, supra* at 128.

The question, then, is whether this appeal should be treated as if it were a direct appeal, and the judgment vacated and the case remanded with a direction to dismiss the complaint, or as a collateral appeal that should be dismissed. A motion for a new trial under Mass. R. Crim. P. 30 has been treated as collateral for the purposes of determining the retroactive application of a new rule of criminal law under the test in *Teague* v. *Lane*, 489 U.S. 288 (1989). See *Commonwealth* v. *Bray*, 407 Mass. 296, 298, 301-303 (1990). A rule 30 motion is intended to "be truly post-conviction, that is, it is not open to the defendant until the validity of the finding or verdict of his guilt is conclusively established by an appellate court if an appeal is taken." *Commonwealth* v. *Powers*, 21 Mass. App. Ct. 570, 572 (1986), quoting Reporters' Notes to Mass. R. Crim. P. 30 (b), Mass. Ann. Laws, Rules of Criminal Procedure at 484 (Law. Co-op. 1979). However, a rule 30 motion challenging a guilty plea or, as in this case, its equivalent for lack of voluntariness (see *Boykin* v. *Alabama*, 395 U.S. 238, 242-243 [1969]; *Commonwealth* v. *Quinones*, 414 Mass. 423, 431-432 [1993]) might be seen as a direct appeal, in that such a motion provides the only avenue for appellate review of the validity of the guilty plea. See *Commonwealth* v. *Fernandes*, 390 Mass. 714, 715 (1984). We need not decide whether, in all instances, a motion for a new trial challenging a guilty plea seeks direct or collateral review, or some hybrid of the two.

We conclude that, in the special circumstances of this case, the defendant's application for further appellate review should be dismissed. None of the policy reasons arguably supporting abatement of the entire proceeding applies here. One policy interest said to be served by the practice of abating the entire proceeding, when a defendant has died pending appeal, is forestalling the imposition of any impossible punishment. See *United States* v. *Asset, supra* at 211; *State* v. *Griffin, supra* at 539. That reason, which has doubtful com-

pelling force, is not implicated here. The defendant had already served his sentence when he moved for new trial. The other primary policy advanced by the rule has been said to be based on "the interests of justice," which "ordinarily require that [a defendant] not stand convicted without resolution of the merits of his appeal, which is an 'integral part of [our] system for finally adjudicating [his] guilt or innocence.' " *United States* v. *Moehlenkamp, supra* at 128, quoting *Griffin* v. *Illinois*, 351 U.S. 12, 18 (1956). That is not at issue here either. The defendant has received direct review in the Appeals Court of the denial of his motion for a new trial.

In granting further appellate review in this case, we were acting analogously to the United States Supreme Court when it grants a petition for certiorari. We think it appropriate to follow what that Court does when a defendant dies after a petition for certiorari has been granted and before decision in that Court.

The order allowing the defendant's application for further appellate review is vacated and that application is dismissed.

*So ordered.*