USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit
 ____________________

No. 98-1826

 UNITED STATES,

 Appellee,

 v.

 MANUEL MORILLO, A/K/A ALMA,

 Defendant, Appellant.

 ____________________

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. William G. Young, U.S. District Judge]

 ____________________

 Before

 Stahl, Circuit Judge,

 Magill, Senior Circuit Judge,

 and Lipez, Circuit Judge.

 _____________________

 Lenore Glaser, by appointment of the Court, with whom Stern,
Shapiro, Weissberg & Garin, was on brief, for appellant.
 Patrick M. Hamilton, Assistant United States Attorney, with
whom Donald K. Stern, United States Attorney, was on brief, for
appellee.

 ____________________

 May 17, 1999
 ____________________ MAGILL, Senior Circuit Judge. Manuel Morillo pleaded
guilty in federal court to eight counts of a ten count indictment
charging him with various drug trafficking offenses. During
sentencing, the district court counted a state court sentence,
labeled a "continuance without a finding" (CWOF), as a prior
sentence when calculating Morillo's criminal history category. As
a result, Morillo was given a criminal history category of III
which, in turn, rendered him ineligible for the Guidelines' so-
called "safety valve" provision, U.S. Sentencing Guidelines Manual
 5C1.2. Morillo appeals the district court's decision to count
the CWOF as a prior sentence. We affirm.
 I.
 On January 29, 1997, a complaint issued in Massachusetts
state court against Morillo for violating a domestic violence
restraining order and threatening to commit a crime. Rather than
proceed to trial on the state charges, Morillo filed a "TENDER OF
PLEA OR ADMISSION WAIVER OF RIGHTS" form with the court. In that
form, Morillo tendered an "admission to facts sufficient for a
finding of guilty" conditioned upon the court's willingness to
continue the case without a finding instead of entering a guilty
finding. Prior to granting the CWOF, the state court required
Morillo to execute a written waiver of his constitutional rights to
a jury trial, to confront, cross-examine, and compel witnesses, to
remain silent, and to present evidence in his own behalf. That 
court also conducted an oral colloquy, satisfying itself that
Morillo had voluntarily, knowingly and intelligently waived his
constitutional rights, and that a factual basis existed for
Morillo's admission. The court then imposed the CWOF, conditioned
upon Morillo's successful completion of one year of unsupervised
probation.
 In November 1997, during his state probationary period,
Morillo was charged in federal court on a ten count indictment with
distribution of cocaine and distribution and conspiracy to
distribute heroin in violation of 21 U.S.C. 841 and 846. 
Morillo pleaded guilty to eight of the ten counts.
 In calculating Morillo's sentence, the district court
added four points to Morillo's criminal history which resulted in
a criminal history category of III. Three of the four points
stemmed from the Massachusetts CWOF. The court assigned one point
pursuant to U.S.S.G. 4A1.1(c) and 4A1.2, finding that Morillo's
"admission of sufficient facts" and resulting CWOF constituted a
prior sentence. The court added two more points because Morillo
was arrested for a federal offense while on probation for the state
charge. See U.S.S.G. 4A1.1(d). With an offense level of twenty-
five and a criminal history category of III, the district court
sentenced Morillo to sixty-six months' imprisonment. Had the
district court not counted Morillo's CWOF, he would have been
eligible for the so-called "safety valve" provision of U.S.S.G. 5C1.2.
 II.
 We review de novo a district court's application of the
Sentencing Guidelines. See United States v. Nicholas, 133 F.3d
133, 134 (1st Cir. 1998).
 The Sentencing Guidelines require a court to count
certain prior sentences when calculating a defendant's criminal
history category. See U.S.S.G. 4A1.1, 4A1.2. Generally
speaking, diversionary dispositions, e.g., deferred prosecutions,
are not counted for criminal history purposes. See U.S.S.G.
 4A1.2(f). However, "[a] diversionary disposition resulting from
a finding or admission of guilt, or a plea of nolo contendere, in
a judicial proceeding is counted as a sentence under 4A1.1(c)
even if a conviction is not formally entered." Id. (first
emphasis added). This rule "reflects a policy that defendants who
receive the benefit of a rehabilitative sentence and continue to
commit crimes should not be treated with further leniency." 
U.S.S.G. 4A1.2 comment. (n.9).
 The question on appeal is whether Morillo's CWOF should
be considered a "diversionary disposition resulting from a[n] . . .
admission of guilt." U.S.S.G. 4A1.2(f). Morillo argues it
should not for two reasons: first, he was not made aware that this
admission would be treated as a guilty plea; and second, the court
entered the CWOF despite the absence of a written stipulation of
facts. We disagree.
 We begin with the applicable Massachusetts law. Under
current Massachusetts law, a defendant, instead of pleading guilty,
may "admit to sufficient facts to warrant a finding of guilty." 
See Mass. R. Crim. P. 12(a)(3). The defendant may then request a
specific disposition, including that a guilty finding not be
entered and that the court continue the case without a finding of
guilt. See Mass. Gen. Laws Ann. ch. 278, 18 (West 1998). Once
this admission is tendered, the court must inform the defendant
that if the court does not accept the proposed disposition, the
defendant has the right to withdraw the admission. See id. If the
court grants the CWOF, the case will be continued until a later
date when it will be dismissed, provided that the defendant
complies with specified conditions set by the court. See id.
 Once the court agrees to a CWOF, it is required to treat
the admission of sufficient facts as a guilty plea. See id. ("If
a defendant . . . attempts to enter a plea or statement consisting
of an admission of facts sufficient for a finding of guilt, or some
similar statement, such admission shall be deemed a tender of a
plea of guilty for purposes of the procedures set forth in this
section."). Thus, the court must comply with Massachusetts's
guilty plea procedures before accepting such an admission and
imposing a CWOF. See Mass. R. Crim. P. 12. Among the procedures
mandated under Rule 12, a judge must conduct a hearing and satisfy
himself that there is a factual basis for the charge. See Mass.
R. Crim. P. 12(c)(5)(A). Rule 12 does not require a written
stipulation of facts.
 In this case, the state court carefully followed the
procedures set out in Rule 12 when it accepted Morillo's admission. 
Morillo, his attorney, the prosecutor and the judge all signed a
"TENDER OF PLEA OR ADMISSION WAIVER OF RIGHTS" form. See
Appellee's Add. at 8-9. On this form, Morillo acknowledged that he
was "tender[ing] . . . [an] ADMISSION TO FACTS SUFFICIENT FOR A
FINDING OF GUILTY" conditioned upon receiving a continuance without
a finding. Id. I. He then signed a "waiver of rights,"
indicating he was waiving his right to a trial as well as other
trial rights, that he had discussed his rights with his attorney,
that he understood the nature of the charge, and that his admission
was voluntary. Id. IV. Morillo's counsel certified that he had
explained the "provisions of law regarding the defendant's waiver
of jury trial and other rights so as to enable the defendant to
tender his . . . admission knowingly, intelligently and
voluntarily." Id. V. Finally, the judge certified that he (1)
"addressed the defendant directly in open court;" (2) found through
oral colloquy that Morillo understood his rights and "knowingly,
intelligently and voluntarily waived" those rights; (3) "found a
factual basis for the charge(s) to which the defendant is . . .
admitting;" and (4) "found that the facts as related by the
prosecution and admitted by the defendant would support a
conviction on the charges to which the . . . admission is made." 
Id. VI (emphasis added). Thus, the state court fully complied
with both Rule 12 and ch. 278, 18 in accepting Morillo's
admission.
 We conclude that Morillo's CWOF, entered in accordance
with the above procedures, was properly counted as a "diversionary
disposition resulting from a[n] . . . admission of guilt . . . in
a judicial proceeding." U.S.S.G. 4A1.2(f). As the language of
the Guidelines makes clear, only an admission of guilt is required
 a finding of guilt is not. Moreover, under Massachusetts law,
Morillo's "[a]dmission to sufficient facts to warrant a finding of
guilty is treated as a plea of guilty." See Luk v. Commonwealth,
658 N.E.2d 664, 667 n.6 (Mass. 1995) (citing Commonwealth v.
Duquette, 438 N.E.2d 334 (1982)); Mass. Gen. Laws ch. 278, 18. 
Thus, given this law and the extensive procedures the court
followed, Morillo cannot now claim that he was unaware that his
admission would be treated as a guilty plea and that it could be
used against him in future proceedings. See United States v.
Roberts, 39 F.3d 10, 12 (1st Cir. 1994) ("A defendant who commits
a new crime after creating a prior criminal record has fair warning
that the record may haunt him or her in sentencing, absent quite
extraordinary circumstances.").
 Notwithstanding the court's compliance with Rule 12 and
Ch. 278, 18, Morillo argues that the district court was required
to provide a written stipulation of facts when accepting his
admission. He cites for this proposition Commonwealth v. Duquette,
438 N.E.2d 334 (Mass. 1982), a case decided under Massachusetts's
former, two-tier system, which was abolished in 1994. In 
Duquette, the Massachusetts Supreme Court suggested various
procedures to be followed when accepting a defendant's admission to
sufficient facts to warrant a finding of guilty. See 438 N.E.2d at
341-42. One of these procedures was formalizing the admitted facts
in a written stipulation. See id. at 342. We conclude that
Duquette does not require a written stipulation in the instant
case.
 Duquette was decided under an archaic, two-tier system,
each stage of which presented unique concerns with regard to
ensuring that the defendant understood the implications of his
admission to sufficient facts. The driving concern behind the
Duquette court's prescriptions was that "the defendant know what
rights he is waiving when he admits to sufficient facts." Id. The
procedures outlined, which substantially mimic the requirements of
Rule 12, were a suggested means of ensuring that a defendant
understood his rights and the consequences of his admission.
 The new statute abandons the old system and clearly
provides that admissions tendered under ch. 278, 18 are to be
treated as guilty pleas. As such, they must comply with the
procedures set out in Rule 12(c). It is undisputed that Morillo's
admission complied with these procedures: Morillo knew what rights
he was waiving; the court conducted a colloquy to ensure the
voluntariness of his waiver and admission; and the judge certified
that the facts "admitted by the defendant" supported the admission. 
Thus, the court satisfied both Rule 12 and the concerns outlined in
Duquette. We do not interpret Duquette as requiring anything more
in this circumstance, involving a new law under which the
implications of the admission and the procedures to be followed are
unambiguous.

 III.
 For the foregoing reasons, we affirm the decision of the
district court.