COMMONWEALTH *vs.* JOHN JAIRO CORAL.

No. 07-P-1095.

Worcester. March 6, 2008. - July 14, 2008.

Present: KAFKER, DREBEN, & WOLOHOJIAN, JJ.

*Committee for Public Counsel Services. Practice, Criminal,* Assistance of counsel, Plea.

A Superior Court judge properly denied the criminal defendant's motion for appointment of counsel in postconviction proceedings concerning the defendant's motion to withdraw guilty pleas, in circumstances where principles of finality militated in favor of treating that motion, filed almost three years after the taking of the defendant's pleas, as a collateral challenge not requiring the appointment of counsel. [223-227]

A Superior Court judge did not abuse his discretion in denying the criminal defendant's motion for a new trial based on ineffective assistance of counsel, where the defendant's plea counsel was not deficient in failing to seek to amend a motion to suppress evidence filed by a prior counsel [227-228]; nor was defendant's prior counsel ineffective for failing to challenge the indictments on the ground of insufficient evidence, where the evidence presented to the grand jury was overwhelming [228-229].

INDICTMENTS found and returned in the Superior Court Department on May 8, 2001, and June 15, 2001, respectively.

A motion to withdraw guilty pleas and for a new trial, and a motion for appointment of counsel, filed on July 5, 2005, were considered by *John S. McCann,* J.

The case was submitted on briefs.

*John Jairo Coral,* pro se.

*Jane A. Sullivan,* Assistant District Attorney, for the Commonwealth.

DREBEN, J. In August, 2002, the defendant, represented by counsel, pleaded guilty to two indictments charging trafficking in heroin.[1] In July, 2005, the indigent defendant filed a motion

---

[1]The plea on the first indictment was for the lesser included offense of traf-

to withdraw his guilty pleas and for a new trial, accompanied by motions for an evidentiary hearing and for assignment to the Committee for Public Counsel Services (CPCS) for screening as to the appointment of counsel. See Mass.R.Crim.P. 30(c)(5), as appearing in 435 Mass. 1501 (2001). After a review by an attorney from a CPCS postconviction collateral screening panel, CPCS, following its policy in cases of collateral challenges to convictions, determined that the case did not present circumstances that would warrant the assignment of counsel. Thereafter, the defendant, relying on *Halbert* v. *Michigan*, 545 U.S. 605 (2005) (*Halbert*), filed a "Motion for Appointment of Counsel as of Right." The motion was denied, as was the motion to withdraw the pleas. The defendant appeals the denial of counsel and the denial of the motion for withdrawal of pleas and a new trial on the ground that his pleas were not voluntary because of ineffective assistance of counsel. We affirm the denial of the motions for counsel and for a new trial.

1. *Claim of right to counsel under* Halbert. "A motion for new trial is the appropriate device for attacking the validity of a guilty plea." *Commonwealth* v. *Huot*, 380 Mass. 403, 406 (1980), citing *Commonwealth* v. *Penrose*, 363 Mass. 677, 681 (1973). Our cases have also held that there is no constitutional right to appointed counsel in preparing or presenting a motion for a new trial. See *Commonwealth* v. *Conceicao*, 388 Mass. 255, 261 (1983); *Parker* v. *Commonwealth*, 448 Mass. 1021, 1023 (2007). Neither of those cases involved a withdrawal of a plea, and the parties have not cited, and we have not found, a Massachusetts case involving the issue of counsel in proceedings involving the withdrawal of a plea.

In *Halbert*, 545 U.S. at 609, the United States Supreme Court analyzed a provision of the Michigan Constitution which provided that "an appeal by an accused who pleads guilty or nolo contendere shall be by leave of the court." Halbert, an indigent defendant, submitted a motion to withdraw his guilty plea the

---

ficking in 100 to 200 grams of heroin; the second was for twenty-eight to 100 grams. The defendant was sentenced on the first indictment to from twelve to fifteen years' imprisonment and on the second to from seven to eight years, to run concurrently with the first sentence. The maximum sentence was twenty years on each indictment and the minimum was ten years on the first indictment and seven on the second.

day after sentencing. The trial court denied the motion, stating that Halbert's remedy was to appeal to the Michigan Court of Appeals, an intermediate appellate court.[2] The trial court denied Halbert's request for appointed counsel for the proceeding of applying for leave to appeal. Halbert then filed a pro se application for leave to appeal, which the Michigan Court of Appeals denied, rejecting also Halbert's request for appointment of counsel. The Michigan Supreme Court declined review. In deciding that the denial of appointed counsel to Halbert violated the Fourteenth Amendment to the United States Constitution, the United States Supreme Court considered the case closer to *Douglas* v. *California*, 372 U.S. 353 (1963) (*Douglas*), than to *Ross* v. *Moffitt*, 417 U.S. 600 (1974) (*Ross*), reasoning as follows. While a State has no obligation to provide appellate review of criminal convictions, if it provides such a right, it may not treat indigent defendants differently from nonindigent defendants. *Halbert*, 545 U.S. at 610. The difference between the *Douglas* and *Ross* cases is that *Douglas* held that in first appeals as of right, States must appoint counsel to represent indigent defendants, while *Ross* held that a State need not appoint counsel to aid a poor person in discretionary appeals to the State's highest court, or in petitioning for review in the United States Supreme Court. *Halbert*, 545 U.S. at 610. *Halbert* described two considerations as being key to the *Douglas* decision. "First, such an appeal entails an adjudication on the 'merits.' [*Douglas*, 372 U.S. at 357]. Second, first-tier review differs from subsequent appellate stages 'at which the claims have once been presented by [appellate counsel] and passed upon by an appellate court.' [*Id.* at 356]." *Halbert*, 545 U.S. at 611. In *Ross*, which involved a second-tier discretionary appeal, what was significant was that the North

---

[2]Michigan court rules cited in *Halbert*, 545 U.S. at 619-620, required trial counsel to file "postconviction motions the lawyer deems appropriate, including motions . . . to withdraw plea." As explained in *People* v. *Bulger*, 462 Mich. 495, 518 (2000), quoted in Justice Thomas's dissent in *Halbert*, 545 U.S. at 633, such "rules require trial counsel to assist the defendant in organizing and presenting to the trial court any potential appellate issues that warrant preservation. Accordingly, a pro se defendant seeking discretionary review will have the benefit of a transcript, trial counsel's framing of the issues in the motion to withdraw, and the trial court's ruling on the motion."

Trial counsel in the *Halbert* case apparently did not present any potential appellate issues. 545 U.S. at 620 n.5.

Carolina Supreme Court does not sit as an error-correcting court, but rather takes cases based on factors such as whether the subject matter has broad public interest or involves legal principles of major significance to the jurisprudence of the State. *Halbert*, 545 U.S. at 611. Moreover, in *Ross*, the defendant already had his claims passed on by the intermediate appellate court: "a defendant who had already benefited from counsel's aid in a first-tier appeal as of right would have, 'at the very least, a transcript or other record of trial proceedings, a brief on his behalf in the [North Carolina] Court of Appeals setting forth his claims of error, and in many cases an opinion by the Court of Appeals disposing of his case.' " *Halbert*, 545 U.S. at 611-612, quoting from *Ross*, 417 U.S. at 615. The *Halbert* court noted that in Michigan, "[w]hether formally categorized as the decision of an appeal or the disposal of a leave application," the ruling on the leave application by the Michigan Court of Appeals "provides the first, and likely the only, direct review" on the merits of the defendant's conviction. *Halbert*, 545 U.S. at 619.

Applying the *Halbert* reasoning, the defendant in the case at bar argues in his pro se brief that he was entitled to counsel because "he never had a direct appeal as of right, and therefore, the motion to withdraw his guilty plea and for a new trial is equivalent to a direct appeal or first-tier review as of right."

*Halbert*, which requires the appointment of appellate counsel, is not strictly applicable to the defendant's claim because here the defendant sought counsel for proceedings in the trial court,[3] a right Michigan accorded to defendants, at least to some degree.[4]

The defendant's claim, nevertheless, presents a question as to how the defendant's motion challenging his pleas should be treated for purposes of the right to counsel in light of *Halbert*.[5] In another context, not involving constitutional issues, the Supreme

---

[3]He has not sought appellate counsel.

[4]See note 2, *supra*. The *Halbert* opinion considered representation at the trial stage insufficient, explaining why "comparable materials prepared by trial counsel are no substitute for an appellate lawyer's aid." *Halbert*, 545 U.S. at 619-622.

[5]Although it has been said that the "issue in an appeal from the denial of a motion for a new trial is the propriety of the judge's decision on the motion and not the conviction itself," *Commonwealth* v. *Balliro*, 437 Mass. 163, 165 (2002), we consider that both the review in the trial court and in the appellate

Judicial Court has noted the difficulty of classifying a motion for a new trial challenging a guilty plea. In *Commonwealth* v. *De La Zerda*, 416 Mass. 247, 247-248 (1993), the defendant died after the Supreme Judicial Court had granted his application for further appellate review of an order denying his motion for a new trial in a case where he had admitted to sufficient facts to support a charge of indecent assault and battery on a child. If the appeal were treated as a direct appeal, under Massachusetts practice, the judgment would be vacated and the case remanded with a direction to dismiss the indictment. *Id.* at 248. If, however, the appeal were treated as a collateral appeal, the general practice in other States (Massachusetts had not yet decided the question) would be to dismiss the appeal without vacating the judgment. *Id.* at 249. It was in this context that the court wrote:

> "The question, then, is whether this appeal should be treated as if it were a direct appeal . . . or as a collateral appeal . . . . A motion for a new trial under Mass. R. Crim. P. 30[, 378 Mass. 900 (1979),] has been treated as collateral for the purposes of determining the retroactive application of a new rule of criminal law under the test in *Teague* v. *Lane*, 489 U.S. 288 (1989). See *Commonwealth* v. *Bray*, 407 Mass. 296, 298, 301-303 (1990). A rule 30 motion is intended to 'be truly post-conviction, that is, it is not open to the defendant until the validity of the finding or verdict of his guilt is conclusively established by an appellate court if an appeal is taken.' *Commonwealth* v. *Powers*, 21 Mass. App. Ct. 570, 572 (1986), quoting Reporters' Notes to Mass. R. Crim. P. 30 (b), Mass. Ann. Laws, Rules of Criminal Procedure at 484 (Law. Co-op. 1979).[6] *However, a rule 30 motion challenging a guilty plea . . . for lack of voluntariness . . . might be seen as a direct appeal, in that such a motion provides the only avenue for appellate review of the validity of the guilty plea.* See *Commonwealth* v. *Fernandes*, 390 Mass. 714, 715 (1984). We need not decide whether, in all instances, a motion for

court "entails some evaluation of the merits of the [defendant's] claims." *Halbert*, 545 U.S. at 618.

[6]The Reporter's Notes have since been changed to recognize the practice of allowing a defendant to file a rule 30(b) motion after a notice of appeal has been filed. See Reporter's Notes to Mass.R.Crim.P. 30(b), 47 Mass. Gen. Laws Ann., at 757 (West 2006).

a new trial challenging a guilty plea seeks direct or collateral review, or some hybrid of the two." (Emphasis supplied.)

*Commonwealth* v. *De La Zerda*, 416 Mass. at 250.

The court concluded that "in the special circumstances of this case," the application for further appellate review should be dismissed, without vacating the judgment, because none of the policy reasons supporting abatement applied.[7] *Id.* at 250-251.

In the present case, too, we need not decide whether the only method for challenging a guilty plea — a motion for a new trial in the trial court with the right to appeal the denial of such motion — is a "direct or collateral review, or some hybrid of the two," *id.* at 250, or whether, under the reasoning of *Halbert*, the appointment of counsel at some stage or stages of the proceedings is required. Here, the defendant filed his motion almost three years after the taking of his plea. The principles of finality inherent in the requirement that appeals must be brought within certain time frames militate against treating his motion as analogous to a direct appeal. In sum, we consider the defendant's motion to be a collateral challenge not requiring the appointment of counsel. See *New Hampshire* v. *Lopez*, 156 N.H. 193, 197 (2007).

2. *Claims of ineffective assistance of counsel.* a. *Motion to suppress.* While recognizing that a prior counsel had filed a motion to suppress items seized from the defendant's apartment, the defendant claims his plea counsel should have amended the prior motion or should have filed a new motion in order to argue that there was no nexus between the sale (hand-to-hand) and the

---

[7]"One policy interest said to be served by the practice of abating the entire proceeding, when a defendant has died pending appeal, is forestalling the imposition of any impossible punishment. . . . That reason, which has doubtful compelling force, is not implicated here. The defendant had already served his sentence when he moved for new trial." *Commonwealth* v. *De La Zerda*, 416 Mass. at 250-251. The other primary policy advanced by the rule abating the entire proceeding "has been said to be based on 'the interests of justice,' which 'ordinarily require that [a defendant] not stand convicted without resolution of the merits of his appeal,' which is an "integral part of [our] system for finally adjudicating [his] guilt or innocence." ' *United States* v. *Moehlenkamp*, [557 F.2d 126, 128 (7th Cir. 1977)]. That is not at issue here either. The defendant has received direct review in the Appeals Court of the denial of his motion for a new trial." *Commonwealth* v. *De La Zerda*, 416 Mass. at 251.

defendant's residence. An examination of the memorandum in support of the motion to suppress, however, indicates that prior counsel did argue that the affidavit in support of the search warrant was insufficient for the magistrate to determine that the items sought reasonably could be expected to be in the place to be searched; counsel also argued that the police were never in the apartment prior to executing the warrant, and they did not observe traffic entering or leaving the building. That the judge who heard and denied the suppression motion did not rule directly on the issue of nexus, but rather made findings as to the defendant's coming from and going to the apartment in the context of the basis of knowledge of the confidential informant, does not suggest that either counsel was ineffective. Moreover, at his plea colloquy, the defendant specifically waived the right to file any additional motions to suppress and any right to appeal the results of those motions.

b. *Claim that counsel should have challenged the indictments because of insufficient evidence before the grand jury.* The defendant's claim appears to be that insufficient evidence was presented to the grand jury and evidence was manipulated because nothing was told them about the hand-to-hand transaction (controlled purchase) and they were not given the field tests of the drugs.

The evidence before the grand jury was overwhelming. The original indictment to which the defendant pleaded guilty to trafficking in 100 to 200 grams of heroin had been reduced at the plea colloquy from trafficking in 200 grams or more. A police officer testified that during the search of the apartment, at which time the defendant acknowledged he had lived there for four to five months, more than 1,600 grams of heroin with a street value of more than $2,000,000 had been found. In addition, the police discovered more than $70,000 in cash. The defendant's fingerprints were on the wrapper of the largest quantity of heroin and in other places in the apartment where drugs were located. That evidence of the controlled purchase was not submitted to the grand jury is of no consequence. On the second indictment evidence was presented to the grand jury that at another location heroin was found in a form identical to that found at the defendant's residence and that the defendant's fingerprints were found on sandwich bags

containing heroin cylinders. Had counsel challenged the proceedings before the grand jury, the challenge would have failed.

In deciding a motion to withdraw a guilty plea, "a rigorous standard must be applied and a judge may only allow such a motion 'if it appears that justice may not have been done.' " *Commonwealth* v. *Berrios*, 447 Mass. 701, 708 (2006), cert. denied, 550 U.S. 907 (2007), quoting from *Commonwealth* v. *DeMarco*, 387 Mass. 481, 482 (1982). Our review of the record supports the conclusion of the motion judge, who was also the judge accepting the plea. He did not abuse his discretion in denying the defendant's motions.

*Order denying motion for appointment of counsel affirmed.*

*Order denying motion for new trial affirmed.*