NOTICE: All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports. If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

21-P-933                                            Appeals Court

COMMONWEALTH  vs.  DWAYNE GRIFFITH.

No. 21-P-933.

Hampden.      July 14, 2022. - January 11, 2024.

Present:  Ditkoff, Walsh, & Brennan, JJ.


Firearms.  Motor Vehicle, Firearms.  License.  Death.  Moot
    Question.  Practice, Criminal, Appeal, Death of party.



    Indictments found and returned in the Superior Court
Department on July 26, 2018.

    The cases were tried before by Francis E. Flannery, J.


    Patrick Levin, Committee for Public Counsel Services, for
the defendant.
    William Joyce, Assistant District Attorney, for the
Commonwealth.


    DITKOFF, J.  In Commonwealth v. Hernandez, 481 Mass. 582,

583 (2019), the Supreme Judicial Court abandoned the doctrine of

abatement ab initio and held that, where a defendant dies before

the direct appeal of a criminal conviction is decided, "the

proper course is to dismiss the appeal as moot and note in the

trial court record that the conviction removed the defendant's presumption of innocence, but that the conviction was appealed from and neither affirmed nor reversed because the defendant died." Here, we face the situation where the defendant died after his convictions were affirmed in this court but while a meritorious request for reconsideration or modification of that decision was pending. We conclude that the proper resolution is to dismiss the appeal and to have the trial court record note the accurate information about the state of appellate proceedings at the time of death, here that the convictions had been affirmed but that the Commonwealth had conceded that the decision should be reconsidered and the convictions reversed.

1. <u>Background</u>. a. <u>The crime</u>. On June 16, 2018, two police officers observed the defendant "blow through" a stop sign. The police activated the lights on their cruiser, but the defendant kept driving. The police followed the defendant's vehicle until the defendant parked in a driveway, got out of his vehicle, and fled on foot. A foot chase ensued.

The police followed the defendant between houses, over a fence, and back onto a street. The officers observed the defendant "clenching" his waistband as he ran. At a certain point, the defendant stumbled. Afterwards, he continued running, no longer clenching his waistband. Eventually, an officer caught up to the defendant and placed him under arrest.

The officers then retraced their steps and found a revolver in a bush.  The firearm was loaded with seven shells.  One officer could tell that it was loaded simply by looking at the wheel of the revolver.  The firearm was successfully test fired.  No evidence was presented at trial that the defendant lacked a license to carry a firearm.[1]

b.  Procedural history.  On May 19, 2021, after a Superior Court trial, a jury convicted the defendant of unlawfully carrying a firearm, G. L. c. 269, § 10 (a), and unlawfully carrying a loaded firearm, G. L. c. 269, § 10 (n).  On May 26, 2021, the defendant pleaded guilty to an armed career criminal sentencing enhancement, G. L. c. 269, § 10G (a).[2]  The defendant promptly filed a notice of appeal.

On appeal, the defendant raised issues concerning a supplemental jury instruction addressing the absence of certain evidence and the constitutionality of the armed career criminal enhancements.  The defendant filed his brief prior to the United States Supreme Court's decision in New York State Rifle & Pistol

---

[1] The defendant's criminal record made it impossible for him to obtain a license to carry, see G. L. c. 140, § 131 (d) (i), but the jury was not informed of either his criminal record or its effect on his ability to obtain a license.

[2] The Commonwealth charged the defendant as an armed career criminal with three prior violent crimes, G. L. c. 269, § 10G (c).  The charge was reduced to one prior violent crime as part of a plea bargain.  The defendant explicitly preserved his right to appeal the earlier jury verdicts.

Ass'n v. Bruen, 142 S. Ct. 2111 (2022) (Bruen). Nonetheless, he also argued in his brief that the Second Amendment to the United States Constitution requires the Commonwealth to prove affirmatively that the defendant lacked a license to carry as an element of the crimes of unlawfully carrying a firearm and unlawfully carrying a loaded firearm.[3]

After oral argument, we released a decision pursuant to Appeals Court Rule 23.0 affirming the convictions and rejecting all three claims of error. Commonwealth v. Griffith, 101 Mass. App. Ct. 1124 (2022). In a passage in our decision that has not aged well, we stated, "Nothing in the Supreme Court's opinion in New York State Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 2111 (2022), suggests that the Second Amendment poses any challenges for State assignment of burdens of production."[4] Five days later, the defendant obtained leave to file a late application for further appellate review, thus causing us to stay the

---

[3] Flying in the face of the Supreme Judicial Court's later pronouncement that criminal defendants "did not have an adequate opportunity" to raise this claim prior to Bruen, Commonwealth v. Guardado, 491 Mass. 666, 686, S.C., 493 Mass. 1, 12 (2023), the defendant first raised this issue shortly after the jury verdicts in a motion to dismiss the armed career criminal charge.

[4] In light of Guardado, we also question our determination in this case "that no substantial question of law is presented by the appeal" and thus that an unpublished decision was warranted. Rule 23.0 (1), of the Rules of the Appeals Court, as appearing in 97 Mass. App. Ct. 1017 (2020).

issuance of the rescript. See Mass. R. A. P. 23 (c), as appearing in 481 Mass. 1653 (2019).

On April 13, 2023, the Supreme Judicial Court released its opinion in Commonwealth v. Guardado, 491 Mass. 666, 690, S.C., 493 Mass. 1, 12 (2023), holding that the Second Amendment requires that, to prove the crimes of unlawfully carrying a firearm and unlawfully carrying a loaded firearm, the Commonwealth must affirmatively demonstrate the absence of licensure. The court also held that criminal defendants whose direct appeals were still pending at the time Bruen was issued are entitled to the benefit of this holding, regardless of whether they objected at trial. Id. at 693. By the end of that day, we announced that we would reconsider our decision and requested supplemental briefing from the parties.

To its credit, the Commonwealth conceded that there was error, that it had not presented sufficient evidence to prove a lack of licensure, and that the convictions should be reversed. Shortly thereafter, we learned that the Commonwealth (through a different district attorney's office) would file a motion for reconsideration or modification, pursuant to Mass. R. A. P. 27, as appearing in 481 Mass. 1656 (2019), in Guardado to explore whether the proper remedy for such an error is an acquittal or a new trial. Accordingly, we stayed proceedings pending the resolution of that question. In the meantime, however, the

defendant and the Commonwealth agreed that we should stay execution of the defendant's sentence, which we did on May 2, 2023.

On August 12, 2023, the defendant was fatally shot on the streets of Springfield in an apparent murder.  Defense counsel informed us of the death, and we asked for briefing on the proper disposition of the appeal in light of this sad development.

2.  <u>Proper disposition of the appeal after the defendant's death</u>.  Historically, Massachusetts followed the doctrine of abatement ab initio.  See <u>Hernandez</u>, 481 Mass. at 585-587.  Under that doctrine, if a criminal defendant dies prior to the adjudication of his direct appeal, the case is remanded to the trial court for the dismissal of the indictment or complaint.  See <u>id</u>. at 583.  Accord <u>Commonwealth</u> v. <u>Harris</u>, 379 Mass. 917, 917 (1980).  Where, as here, the defendant's criminal convictions have already been affirmed by this court but review of this court's decision is pending, the result is different.  In that situation, the decision of this court stands, and the application for further appellate review is dismissed.  <u>Commonwealth</u> v. <u>De La Zerda</u>, 416 Mass. 247, 251 (1993).  Cf. <u>Commonwealth</u> v. <u>Squires</u>, 476 Mass. 703, 707 (2017) (departing from that practice where live codefendant's appeal on further appellate review also pending).

The Supreme Judicial Court abolished the doctrine of abatement ab initio in Hernandez, 481 Mass. at 583. There, the defendant was convicted of murder in the first degree and died while awaiting assembly of the record on appeal. Id. at 583-584. The court examined the doctrine in detail and was "unable to discern a reasoned analysis for the adoption of the abatement ab initio doctrine and, in any event, . . . [was] presented with substantial reasons it should be changed." Id. at 599. The court then held the following:

> "[U]pon the death of the defendant, the appeal shall be dismissed as moot and the trial court shall be instructed to place in the record a notation stating that the defendant's conviction removed the defendant's presumption of innocence, but that the conviction was appealed from and it was neither affirmed nor reversed on appeal because the defendant died while the appeal was pending and the appeal was dismissed."

Id.

Citing Hernandez, the Commonwealth urges us to dismiss the appeal and order that the Hernandez notation be placed on the Superior Court record. This we cannot do. It would be improper for us to instruct the trial court to note "that the conviction was appealed from and it was neither affirmed nor reversed on appeal" for the simple reason that the conviction was affirmed on appeal (and wrongly so). The holding in Hernandez does not directly address the current situation, and we cannot blindly follow it where the circumstances are materially different.

The defendant, by contrast, asks us "to vacate Mr. Griffith's conviction and order the indictment dismissed as moot."  This, also, we cannot do.  To do this, we would be required not merely to resurrect the doctrine of abatement ab initio but to expand it.  (As explained above, even under that doctrine, a conviction stands once affirmed by this court.  See De La Zerda, 416 Mass. at 251.)  As the Supreme Judicial Court has decided that there are "substantial reasons" to abandon the doctrine, Hernandez, 481 Mass. at 599, we cannot restore it, much less expand it.

Instead, we follow the overarching principle that guided the Supreme Judicial Court in Hernandez, 481 Mass. at 602, that "[t]he record will accurately reflect the case as it was at the time of death; it will reflect the status quo."  This we can do.

On August 12, 2023, the day the defendant died, his convictions had been affirmed by this court, but we had decided to reconsider that decision, and the Commonwealth had conceded that the convictions should be reversed.  The only question remaining was whether the indictments could be retried.[5]  The

---

[5] After the defendant's death, the Supreme Judicial Court held that the Commonwealth could retry defendants tried before Bruen, regardless of whether sufficient evidence of nonlicensure was presented at trial.  Commonwealth v. Guardado, 493 Mass. 1, 3 (2023).

record of the trial court can, and should, reflect this accurate description of the status quo at the time of death.

3.  <u>Conclusion</u>.  The defendant's appeal is dismissed as moot, and we instruct the trial court to record a notation stating that the defendant's convictions of unlawfully carrying a firearm as an armed career criminal and of unlawfully carrying a loaded firearm were affirmed on appeal, the Commonwealth then conceded that the convictions should be vacated, but the defendant died while reconsideration by the Appeals Court was pending, and the appeal was dismissed.

<u>So ordered</u>.