178 F.3d 18,
UNITED STATES, Appellee,
v.
Manuel MORILLO, a/k/a Alma, Defendant, Appellant.
 No. 98-1826.
 United States Court of Appeals,
First Circuit.
 Heard March 5, 1999.
Decided May 17, 1999.
 
 Lenore Glaser, by appointment of the Court, with whom Stern, Shapiro, Weissberg & Garin, was on brief, for appellant.
 Patrick M. Hamilton, Assistant United States Attorney, with whom Donald K. Stern, United States Attorney, was on brief, for appellee.
 Before STAHL, Circuit Judge, MAGILL,* Senior Circuit Judge, and LIPEZ, Circuit Judge.
 MAGILL, Senior Circuit Judge.
 
 
 1
 Manuel Morillo pleaded guilty in federal court to eight counts of a ten count indictment charging him with various drug trafficking offenses. During sentencing, the district court counted a state court sentence, labeled a "continuance without a finding" (CWOF), as a prior sentence when calculating Morillo's criminal history category. As a result, Morillo was given a criminal history category of III which, in turn, rendered him ineligible for the Guidelines' so-called "safety valve" provision, U.S. Sentencing Guidelines Manual § 5C1.2. Morillo appeals the district court's decision to count the CWOF as a prior sentence. We affirm.
 
 I.
 
 2
 On January 29, 1997, a complaint issued in Massachusetts state court against Morillo for violating a domestic violence restraining order and threatening to commit a crime. Rather than proceed to trial on the state charges, Morillo filed a "TENDER OF PLEA OR ADMISSION WAIVER OF RIGHTS" form with the court. In that form, Morillo tendered an "admission to facts sufficient for a finding of guilty" conditioned upon the court's willingness to continue the case without a finding instead of entering a guilty finding. Prior to granting the CWOF, the state court required Morillo to execute a written waiver of his constitutional rights to a jury trial, to confront, cross-examine, and compel witnesses, to remain silent, and to present evidence in his own behalf. That court also conducted an oral colloquy, satisfying itself that Morillo had voluntarily, knowingly and intelligently waived his constitutional rights, and that a factual basis existed for Morillo's admission. The court then imposed the CWOF, conditioned upon Morillo's successful completion of one year of unsupervised probation.
 
 
 3
 In November 1997, during his state probationary period, Morillo was charged in federal court on a ten count indictment with distribution of cocaine and distribution and conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841 and 846. Morillo pleaded guilty to eight of the ten counts.
 
 
 4
 In calculating Morillo's sentence, the district court added four points to Morillo's criminal history which resulted in a criminal history category of III. Three of the four points stemmed from the Massachusetts CWOF.[1] The court assigned one point pursuant to U.S.S.G. §§ 4A1.1(c) and 4A1.2, finding that Morillo's "admission of sufficient facts" and resulting CWOF constituted a prior sentence. The court added two more points because Morillo was arrested for a federal offense while on probation for the state charge. See U.S.S.G. § 4A1.1(d). With an offense level of twenty-five and a criminal history category of III, the district court sentenced Morillo to sixty-six months' imprisonment.[2] Had the district court not counted Morillo's CWOF, he would have been eligible for the so-called "safety valve" provision of U.S.S.G. § 5C1.2.
 
 II.
 
 5
 We review de novo a district court's application of the Sentencing Guidelines. See United States v. Nicholas, 133 F.3d 133, 134 (1st Cir.1998).
 
 
 6
 The Sentencing Guidelines require a court to count certain prior sentences when calculating a defendant's criminal history category. See U.S.S.G. §§ 4A1.1, 4A1.2. Generally speaking, diversionary dispositions, e.g., deferred prosecutions, are not counted for criminal history purposes. See U.S.S.G. § 4A1.2(f). However, "[a] diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered." Id. (first emphasis added). This rule "reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency." U.S.S.G. § 4A1.2 comment. (n.9).
 
 
 7
 The question on appeal is whether Morillo's CWOF should be considered a "diversionary disposition resulting from a[n] ... admission of guilt." U.S.S.G. § 4A1.2(f). Morillo argues it should not for two reasons: first, he was not made aware that this admission would be treated as a guilty plea; and second, the court entered the CWOF despite the absence of a written stipulation of facts. We disagree.
 
 
 8
 We begin with the applicable Massachusetts law. Under current Massachusetts law, a defendant, instead of pleading guilty, may "admit to sufficient facts to warrant a finding of guilty." See Mass. R.Crim. P. 12(a)(3). The defendant may then request a specific disposition, including that a guilty finding not be entered and that the court continue the case without a finding of guilt. See Mass. Gen. Laws Ann. ch. 278, § 18 (West 1998). Once this admission is tendered, the court must inform the defendant that if the court does not accept the proposed disposition, the defendant has the right to withdraw the admission. See id. If the court grants the CWOF, the case will be continued until a later date when it will be dismissed, provided that the defendant complies with specified conditions set by the court. See id.
 
 
 9
 Once the court agrees to a CWOF, it is required to treat the admission of sufficient facts as a guilty plea. See id. ("If a defendant ... attempts to enter a plea or statement consisting of an admission of facts sufficient for a finding of guilt, or some similar statement, such admission shall be deemed a tender of a plea of guilty for purposes of the procedures set forth in this section."). Thus, the court must comply with Massachusetts's guilty plea procedures before accepting such an admission and imposing a CWOF. See Mass. R.Crim. P. 12. Among the procedures mandated under Rule 12, a judge must conduct a hearing and satisfy himself that there is a factual basis for the charge.[3] See Mass. R.Crim. P. 12(c)(5)(A). Rule 12 does not require a written stipulation of facts.
 
 
 10
 In this case, the state court carefully followed the procedures set out in Rule 12 when it accepted Morillo's admission. Morillo, his attorney, the prosecutor and the judge all signed a "TENDER OF PLEA OR ADMISSION WAIVER OF RIGHTS" form. See Appellee's Add. at 8-9. On this form, Morillo acknowledged that he was "tender[ing] ... [an] ADMISSION TO FACTS SUFFICIENT FOR A FINDING OF GUILTY" conditioned upon receiving a continuance without a finding. Id. § I. He then signed a "waiver of rights," indicating he was waiving his right to a trial as well as other trial rights, that he had discussed his rights with his attorney, that he understood the nature of the charge, and that his admission was voluntary. Id. § IV. Morillo's counsel certified that he had explained the "provisions of law regarding the defendant's waiver of jury trial and other rights so as to enable the defendant to tender his ... admission knowingly, intelligently and voluntarily." Id. § V. Finally, the judge certified that he (1) "addressed the defendant directly in open court;" (2) found through oral colloquy that Morillo understood his rights and "knowingly, intelligently and voluntarily waived" those rights; (3) "found a factual basis for the charge(s) to which the defendant is ... admitting;" and (4) "found that the facts as related by the prosecution and admitted by the defendant would support a conviction on the charges to which the ... admission is made." Id. § VI (emphasis added). Thus, the state court fully complied with both Rule 12 and ch. 278, § 18 in accepting Morillo's admission.
 
 
 11
 We conclude that Morillo's CWOF, entered in accordance with the above procedures, was properly counted as a "diversionary disposition resulting from a[n] ... admission of guilt ... in a judicial proceeding." U.S.S.G. § 4A1.2(f). As the language of the Guidelines makes clear, only an admission of guilt is required--a finding of guilt is not.[4] Moreover, under Massachusetts law, Morillo's "[a]dmission to sufficient facts to warrant a finding of guilty is treated as a plea of guilty." See Luk v. Commonwealth, 421 Mass. 415, 658 N.E.2d 664, 667 n. 6 (Mass.1995) (citing Commonwealth v. Duquette, 386 Mass. 834, 438 N.E.2d 334 (1982)); Mass. Gen. Laws ch. 278, § 18. Thus, given this law and the extensive procedures the court followed, Morillo cannot now claim that he was unaware that his admission would be treated as a guilty plea and that it could be used against him in future proceedings. See United States v. Roberts, 39 F.3d 10, 12 (1st Cir.1994) ("A defendant who commits a new crime after creating a prior criminal record has fair warning that the record may haunt him or her in sentencing, absent quite extraordinary circumstances.").
 
 
 12
 Notwithstanding the court's compliance with Rule 12 and Ch. 278, § 18, Morillo argues that the district court was required to provide a written stipulation of facts when accepting his admission. He cites for this proposition Commonwealth v. Duquette, 386 Mass. 834, 438 N.E.2d 334 (Mass.1982), a case decided under Massachusetts's former, two-tier system, which was abolished in 1994.[5] In Duquette, the Massachusetts Supreme Court suggested various procedures to be followed when accepting a defendant's admission to sufficient facts to warrant a finding of guilty. See 438 N.E.2d at 341-42. One of these procedures was formalizing the admitted facts in a written stipulation. See id. at 342. We conclude that Duquette does not require a written stipulation in the instant case.
 
 
 13
 Duquette was decided under an archaic, two-tier system, each stage of which presented unique concerns with regard to ensuring that the defendant understood the implications of his admission to sufficient facts. The driving concern behind the Duquette court's prescriptions was that "the defendant know what rights he is waiving when he admits to sufficient facts." Id. The procedures outlined, which substantially mimic the requirements of Rule 12, were a suggested means of ensuring that a defendant understood his rights and the consequences of his admission.
 
 
 14
 The new statute abandons the old system and clearly provides that admissions tendered under ch. 278, § 18 are to be treated as guilty pleas. As such, they must comply with the procedures set out in Rule 12(c). It is undisputed that Morillo's admission complied with these procedures: Morillo knew what rights he was waiving; the court conducted a colloquy to ensure the voluntariness of his waiver and admission; and the judge certified that the facts "admitted by the defendant" supported the admission. Thus, the court satisfied both Rule 12 and the concerns outlined in Duquette. We do not interpret Duquette as requiring anything more in this circumstance, involving a new law under which the implications of the admission and the procedures to be followed are unambiguous.[6]
 
 III.
 
 15
 For the foregoing reasons, we affirm the decision of the district court.
 
 
 
 *
 Of the Eighth Circuit, sitting by designation
 
 
 [1]
 The fourth point, which Morillo does not dispute, was for a 1987 conviction for possession of cocaine
 
 
 [2]
 The district court granted Morillo a downward departure because his criminal history category overstated the seriousness of his criminal history. See U.S.S.G. § 4A1.3
 
 
 [3]
 The judge must also (1) inquire into the substance of the plea; (2) inform the defendant that if a sentencing recommendation is agreed to (such as the requested disposition of a continuance without a finding), the judge will not exceed that recommended sentence without giving the defendant a chance to withdraw the plea; (3) inform the defendant of the consequences of the plea, including waiver of trial rights; and (4) conduct a hearing to ensure the plea is voluntary. See Mass. R.Crim. P. 12(c)(1)--(5)
 
 
 [4]
 See also U.S.S.G. § 4A1.2(f) & comment. (n.9) (referring to an admission of guilt in open court); United States v. Roberts, 39 F.3d 10, 12 (1st Cir.1994) ("The guideline by its terms uses the word 'admission' and does not require a formal plea of guilty....")
 
 
 [5]
 Under this "two-tier" system, a defendant was entitled to a six person jury trial at the "first tier." The defendant could waive this right and elect a bench trial instead. Defendants who elected a bench trial could appeal the outcome to the "second tier." At this level, a defendant would receive a de novo jury trial unless he again elected a bench trial before a second judge. A defendant could dispose of the case at either tier through a "continuance without a finding upon admission to sufficient facts." At this point, the system worked like the current system in that a defendant would have his case dismissed if he complied with the conditions of the continuance. See Nicholas, 133 F.3d at 135 n. 4; Duquette, 438 N.E.2d at 337. We note that this is the first opportunity this Court has had to consider the new Massachusetts law
 
 
 [6]
 This Court has also previously indicated that safeguards less than those afforded in Duquette may suffice to render an admission in state court an admission of guilt for federal sentencing purposes. See Roberts, 39 F.3d at 13 ("Perhaps, as in a typical federal court guilty plea, the prosecutor gives a recitation of what the government would prove, and the defendant expressly accepts the government's version of events (possibly with qualifications), and the judge then determines that the admitted facts if proved would constitute the offense. This sequence, or any other that achieved the same effect, would give reasonable assurance that the defendant had confessed to certain events and that the events constituted a crime. That, in our view, would make the admission effectively an admission of guilt under the guidelines.")