# United States Court of Appeals
## For the First Circuit

No. 01-1212

UNITED STATES,

Appellee,

v.

MICHAEL ROBERT DUBOVSKY,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

Before

Boudin, Chief Circuit Judge,

John R. Gibson,[*] Senior Circuit Judge,

and Torruella, Circuit Judge.

Paul J. Haley, Law Office of Paul J. Haley, on brief, for appellant.

Paul M. Gagnon, United States Attorney, with whom Mark E. Howard, Assistant United States Attorney, was on brief, for appellee.

---

[*]Hon. John R. Gibson, of the Eighth Circuit, sitting by designation.

January 29, 2002

**JOHN R. GIBSON, <u>Senior Circuit Judge</u>.** Michael Dubovsky appeals from the sentence imposed after he pled guilty to one count of conspiring to distribute Lysergic Acid Diethylamide (LSD). <u>See</u> 21 U.S.C. §§ 841(a)(1), 846 (1994). At sentencing, the district court determined that Dubovsky was not eligible for the "safety valve" provisions of 18 U.S.C. § 3553(f) (1994 & Supp. V 1999) and U.S. Sentencing Guidelines Manual § 5C1.2 (1998)[1] because an earlier adjudication for possession of marijuana, the records of which had been sealed, had not been expunged for the purposes of U.S. Sentencing Guidelines Manual § 4A1.2(j) (1998). <u>United States</u> v. <u>Dubovsky</u>, No. CRIM. 99-37-B, 2001 WL 274730 (D.N.H. Jan. 24, 2001) (unpublished memorandum). As a result he received the mandatory minimum sentence of ten years pursuant to 21 U.S.C. § 841(b)(1)(A)(v) (1994). Dubovsky argues on appeal that the sealing of the records relating to his marijuana possession charge constituted an expungement and that therefore he should have been eligible

---

[1] "When applicable, these provisions mandate both reduction of the defendant's offense level and judicial disregard of statutes imposing mandatory minimum sentences." <u>United States</u> v. <u>Ortiz-Santiago</u>, 211 F.3d 146, 150 (1st Cir. 2000).

for a sentence of between forty-six and fifty-seven months.  He asks that the sentence imposed be set aside and the safety valve considered.  We affirm the sentence imposed by the district court.

## I.

In 1996, Dubovsky admitted in Massachusetts state court to sufficient facts to support a conviction on a charge of possession of marijuana.  The judge continued the charge without a finding of guilt, on the condition that Dubovsky remain outside the state during the period of continuance.  In 1998, the proceedings were dismissed pursuant to Massachusetts law.  See Mass. Gen. Laws ch. 94C, § 34 (1997).

In May of 2000, Dubovsky found himself in federal court, where he pled guilty to the unrelated drug conspiracy charge at issue here.  Thereafter, Dubovsky filed a motion in Massachusetts state court to seal all records concerning the earlier possession of marijuana charge.  This motion was granted on November 2, 2000.[2]  Dubovsky was sentenced in this case two months later.

---

[2] "Dubovsky failed to inform the sentencing judge of the fact that he had been charged with another drug possession offence in 1993 that had been continued without a finding.  If the state court judge had known of this fact, he could not have granted Dubovsky's motion to seal."  Dubovsky, 2001 WL 274730, at *2 n.2.

The quantity of drugs involved in Dubovsky's conspiracy offense (more than ten grams) mandates a minimum ten-year sentence, unless the safety valve provision is applicable. See 18 U.S.C. § 3553(f); 21 U.S.C. § 841(b)(1)(A)(v); U.S. Sentencing Guidelines Manual § 5C1.2 (1998). The safety valve provision is only applicable if the defendant has no more than one criminal history point. U.S. Sentencing Guidelines Manual § 5C1.2 (1998). Under the guidelines, criminal history points are assessed on the basis of prior sentences. U.S. Sentencing Guidelines Manual § 4A1.1 (1998). When a Massachusetts court enters a continuance without a finding in accordance with the procedures set out in Massachusetts Rules of Criminal Procedure 12,[3] that continuance is considered a prior sentence for the purposes of § 4A1.1. United States v. Morillo, 178 F.3d 18 (1st Cir. 1999). However, sentences for expunged convictions[4] are not counted. U. S. Sentencing Guidelines § 4A1.2(j) (1998).

What constitutes expungement for the purposes of determining criminal history under the Guidelines is clarified

---

[3] Dubovsky acknowledges that the state court complied with all required procedures.

[4] The use of the term "convictions" in § 4A1.2(j) does not render that section inapplicable here. See Morillo, 178 F.3d at 20-21 (treating admission of sufficient facts to support a conviction under Massachusetts law as a guilty plea); United States v. Stowe, 989 F.2d 261, 263 (7th Cir. 1993) (applying § 4A1.2(j) to guilty plea resulting in diversionary disposition).

-4-

in an application note:

> A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, e.g., in order to restore civil rights to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted. However, expunged convictions are not counted. § 4A1.2(j).

U.S. Sentencing Guidelines Manual § 4A1.2(j), cmt. n.10 (1998). Sentencing guideline application notes are authoritative unless they violate the Constitution or a federal statute or are inconsistent with the guideline. Stinson v. United States, 508 U.S. 36, 38 (1993). Thus, since excluding Dubovsky's prior admission of marijuana possession, which we treat as a guilty plea, see Morillo, 178 F.3d at 21, from his criminal history calculation would have made him eligible for the safety valve provision (as the government concedes), the crucial issue for the district court was whether Dubovsky's adjudication had been expunged.

The district court received briefs from both parties concerning the use of the sealed dispositions, heard extensive oral argument from counsel, and finally concluded that the 1996 adjudication could not be treated as expunged under the Guidelines. Dubovsky, 2001 WL 274730, at *3. The district court found that Dubovsky's marijuana charge was not dismissed,

and his case was not sealed, for reasons of innocence or errors of law, and that the related records were not completely destroyed.  Id. at *2.  Therefore, Dubovsky's admission could not be considered expunged, he was not entitled to the safety valve, and a ten-year mandatory minimum sentence was required. Id.

We review the district court's application of the Sentencing Guidelines de novo.  United States v. Gonzalez-Arimont, 268 F.3d 8, 14 (1st Cir. 2001).

## II.

Dubovsky's case can be seen as a story with two chapters.  In Morillo, we addressed the issue constituting the first chapter of his story when we concluded that a continuance without a finding, entered as a result of an admission to facts sufficient to warrant a finding of guilt under Massachusetts law, is counted as a sentence for the purposes of calculating criminal history points in sentencing.  178 F.3d at 21.  Now we must resolve the issue raised by the second chapter: What effect does the dismissal of a charge continued without a finding under Massachusetts law, and the sealing of the records related to that charge, have upon the calculation of criminal history points?  We conclude that the language of the sentencing guidelines and related application notes make abundantly clear

that Dubovsky's sentence has not been expunged for the purposes of calculating his criminal history points, and that this conclusion is in accord with Massachusetts law.

The district court identified "three distinct approaches" in the circuit courts for determining whether a dismissed conviction should be treated as expunged. Dubovsky, 2001 WL 274730, at *1. It cited the Tenth, Fifth, and D.C. Circuits as exemplifying the "prevailing view," focusing on whether "the conviction was set aside because of innocence or errors of law." Id. (citing United States v. Hines, 133 F.3d 1360 (10th Cir. 1998); United States v. Ashburn, 20 F.3d 1336 (5th Cir. 1994); United States v. McDonald, 991 F.2d 866 (D.C. Cir. 1993)). It distinguished this view from that of the Second Circuit, which it described as focusing on whether "all trace of the prior adjudication" had been eliminated. Id. at *2. (quoting United States v. Matthews, 205 F.3d 544, 548 (2d Cir. 2000)). Finally, it characterized the Ninth Circuit as taking the position that "a dismissed or vacated conviction should be deemed to have been expunged even though the conviction was set aside for reasons unrelated to innocence or errors of law and state law does not eliminate all trace of the adjudication." Id. (citing United States v. Hidalgo, 932 F.2d 805 (9th Cir. 1991)). The district court cited our decision in United States

-7-

v. Fosher, 124 F.3d 52 (1st Cir. 1997), for the proposition that we had "not taken a definitive position on the issue."  Id.

Dubovsky urges us to adopt a hybrid of the approaches attributed to the Second and Ninth Circuits above, such that we could conclude that expungement exists where records are "constructively purged" by the Massachusetts statute.  However, we are persuaded that expungement within the meaning of the Guidelines's structure is best determined by considering whether the conviction was set aside because of innocence or errors of law.  We are convinced that the explicit language of note ten to Guideline § 4A1.2(j) specifically so requires.[5]  See Gonzalez-

---

[5] To the extent that a split exists among the circuits, we thus side with what the district court characterized as the "prevailing view."  There is an argument to be made, however, that there is in fact no meaningful circuit split. For example, while the Tenth Circuit, in Hines, did state that "[a] conviction is 'expunged' for Guideline purposes only if the basis for the expungement under state law is related to 'constitutional invalidity, innocence, or errors of law,'" it also looked to the fact that "the Act does not permit the physical destruction of records." 133 F.3d at 1364-65; see also Ashburn, 20 F.3d at 1342-44 (analyzing whether statute in question "eliminate[d] all evidence of the conviction"). Similarly, while the Second Circuit, in Matthews, may have focused  on the fact that the "statute does not eliminate all trace of the prior adjudication," it described its analysis as the same as the one in Hines.  205 F.3d at 546, 548; see also United States v. Reyes, 13 F.3d 638, 641 (2d Cir. 1994) (concluding that defendant's prior conviction could be included in calculating his criminal history where he did not argue "that the motion was granted because of innocence or legal error"). Finally, the Ninth Circuit has recently stated that in "[a]pplying the commentary's definition of 'expunged convictions,' we must decide whether the relief . . . is a more

<u>Arimont</u>, 268 F.3d at 15 ("We held in [<u>Fosher</u>], that a set-aside under the Federal Youth Corrections Act is 'for reasons unrelated to innocence or errors of law' and therefore not expungement.") (quoting <u>Fosher</u>, 124 F.3d at 57 (quoting U.S. Sentencing Guidelines Manual § 4A1.2(j), cmt. n.10 (1998))). Applying that approach to this case, we conclude that the district court correctly found that Dubovsky's marijuana charge was not dismissed, nor were the related records sealed, on account of innocence or legal errors.[6] Under Massachusetts law, there was no requirement that Dubovsky make a showing of either. <u>See</u> Mass. Gen. Laws ch. 94C, § 34 (authorizing a court to dismiss proceedings and seal records of any first-time drug offender who has complied with conditions of continuance).

Dubovsky cites a portion of the Massachusetts statute which states that once sealed, a conviction "shall not be deemed a conviction for [any] purpose." Mass. Gen. Laws ch. 94C, § 34.

---

limited remedy, afforded 'for reasons unrelated to innocence or errors of law.'" <u>United States</u> v. <u>Hayden</u>, 255 F.3d 768, 771 (9th Cir. 2001) (quoting U.S. Sentencing Guidelines § 4A1.2(j) (1998)).

[6] Indeed, Dubovsky does not challenge the district court's finding on this issue, and his failure to argue this point constitutes a waiver. <u>Ortega Cabrera</u> v. <u>Municipality of Bayamon</u>, 562 F.2d 91, 102 n.10 (1st Cir. 1977). As we discuss, his argument instead is that the sealing of his records by operation of Massachusetts law constitutes an expungement nonetheless.

He argues that for the federal courts to allow the prior adjudication here to count for the purposes of criminal history would be contrary to the intent of the Massachusetts Legislature.  However, even if this argument is valid,[7] it is unavailing.  The intent of the state legislature is relevant to show whether the sealing procedure is related to innocence or legal errors.  See Hines, 133 F.3d at 1364 ("A conviction is 'expunged' for Guideline purposes only if the basis for the expungement under state law is related to 'constitutional invalidity, innocence, or errors of law.'  We must therefore

---

[7] The Massachusetts Legislature knows the difference between "sealing" and "expunging," having used both terms in § 34 before amending that statute to eliminate all reference to "expunged" records.  The view that the Massachusetts Legislature's use of the term "seal" conveys an intent to accomplish something less than a total ban on future use of the record is borne out by the opinions of the Supreme Judicial Court of Massachusetts.  See Commonwealth v. Vickey, 412 N.E.2d 877, 879 (Mass. 1980) ("Despite considerable confusion in applying this terminology, the Massachusetts Legislature made clear its knowledge of the distinctions involved by changing the language of G.L. c. 94C, s 44 from 'expungement' to 'sealing.' . . . Sealed records [] may be made available to . . . 'any court.'") (quoting G.L. c. 276, s. 100A); Police Comm'r v. Mun. Court, 374 N.E.2d 272, 277 (Mass. 1978) ("[T]he distinction between expungement of a record and sealing of a record is important. . . .  The latter term refers to those steps taken to segregate certain records from the generality of records and to ensure their confidentiality to the extent specified in the controlling statute.").  As we stated in Fosher, an intent to benefit an offender "by providing a second chance" so that he or she can live "without the stigma of a criminal conviction, . . . [is] not meant to allow a recidivist to avoid increased penalties based on earlier criminal convictions."  124 F.3d at 58.

examine the basis for the expungement of [the] conviction under [state] law.") (quoting United States v. Cox, 83 F.3d 336, 339 (10th Cir. 1998)); Fosher, 124 F.3d at 58 (examining congressional intent).[8] But any collateral consequences of sealing under state law are irrelevant to the application of the federal Sentencing Guidelines, which have their basis in congressional, not state policy. See United States v. Gray, 177 F.3d 86, 93 (1st Cir. 1999) ("[States] may not dictate how the federal government will vindicate its own interests in punishing those who commit federal crimes."); United States v. Daniels, 929 F.2d 128, 129 (4th Cir. 1991) ("Even if the juvenile proceedings had been sealed pursuant to state law, that law could not bar consideration of them by a federal court in determining a sentence, when federal law provides otherwise."). Here, we agree with the district court that "[t]he obvious purpose of this sealing provision is to give a defendant a fresh start," Dubovsky, 2001 WL 274730, at *2, not to correct errors of law or vindicate innocence.

## III.

For the foregoing reasons, we affirm the sentence of

---

[8] As noted above, examining the basis of the asserted expungement may also include determining whether the records were destroyed. See Hines, 133 F.3d at 1365; Fosher, 124 F.3d at 58. In Dubovsky's case they were not. See Dubovsky, 2001 WL 274730, at *2; Mass. Gen. Laws ch. 94C, § 34.

the district court.