# United States Court of Appeals
## For the First Circuit

No. 04-1063

UNITED STATES OF AMERICA,

Appellee,

v.

EDDIE REYES,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]

Before

Torruella, Howard, Circuit Judges,

and DiClerico,* U.S. District Judge.

Edward C. Roy, Jr., with whom Office of the Federal Public Defender was on brief, for appellant.
Donald C. Lockhart, Assistant United States Attorney with whom Craig N. Moore, United States Attorney and Kenneth P. Madden, Assistant United States Attorney, were on brief, for appellee.

October 20, 2004

---

*Of the District of New Hampshire, sitting by designation.

**Per Curiam**.  Eddie Reyes pleaded guilty to two counts of distributing heroin and one count of possessing heroin with intent to distribute.  See 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) & 841(b)(1)(C).  He appeals the sentences imposed for his convictions, arguing that the district court improperly took into account in calculating his criminal history score a 1994 Massachusetts state court "continued without finding" ("CWOF") disposition of two state-law drug charges.  Inclusion of the CWOF disposition raised Reyes's criminal history score from I to II and concomitantly rendered him ineligible for application of the safety valve provision in U.S.S.G. § 5C1.2(a)(1).

Before the district court, Reyes maintained that inclusion of the CWOF disposition would be improper because, in the Massachusetts proceeding, he neither admitted to sufficient facts to make the disposition the equivalent of a guilty plea nor was he provided with an interpreter.  Reyes argued that, accordingly, there was no actual finding or admission of guilt -- a prerequisite to the inclusion of the disposition in the federal criminal history calculation.  See U.S.S.G. § 4A1.2(f).  The district court rejected these arguments and applied circuit precedent holding that Massachusetts CWOF dispositions are to be included in criminal history calculations under the federal sentencing guidelines.  See United States v. Dubovsky, 279 F.3d 5, 7 (1st Cir. 2002); United States v. Morillo, 178 F.3d 18, 21 (1st Cir. 1999).  The court also

-2-

rebuffed Reyes's attempt to attack the legitimacy of the Massachusetts proceeding on grounds other than absence of counsel. See, e.g., United States v. Wall, 349 F.3d 18, 27 (1st Cir. 2003) (barring collateral challenges to prior state convictions in federal sentencing proceedings for any reason other than lack of counsel, and thus applying in the guidelines context the rule of Custis v. United States, 511 U.S. 485 (1994)), cert. denied, 124 S. Ct. 1727 (2004); United States v. Delgado, 288 F.3d 49, 52 n.4 (1st Cir. 2002) (similar); Brackett v. United States, 270 F.3d 60, 65 (1st Cir. 2001) (similar).[1]

On appeal, Reyes argues that the district court erred in reading Dubovsky and Morillo as precluding an argument that he neither admitted guilt nor legitimately was found guilty in the 1994 Massachusetts proceeding.[2]   In pressing this argument, Reyes

---

[1]Reyes admits that he was counseled in the Massachusetts proceeding.

[2]Reyes also raises the following two arguments not raised before the district court: (1) the CWOF disposition should not be counted because the underlying charge was ultimately dismissed; and (2) the CWOF disposition should not be counted because the proceeding that was continued without a finding did not comply with Massachusetts procedural requirements.   Neither argument comes close to establishing plain error within the meaning of Fed. R. Crim. P. 52(b).   As to Reyes's first argument, we have held that an eventual dismissal is a normal outcome in a CWOF case and in no way results in an expungement which would preclude the disposition from being counted.   See Dubovsky, 279 F.3d at 8-9; Morillo, 178 F.3d at 20.    And as to Reyes's second argument, we have held that procedural irregularities in the state court proceeding cannot be challenged during the federal sentencing.   See Delgado, 288 F.3d at 52 n.4.

points out that Dubovsky and Morillo (as well as two earlier cases in which we considered whether a Massachusetts CWOF disposition should be included in a guidelines criminal history calculation, United States v. Nicholas, 133 F.3d 133 (1st Cir. 1998) and United States v. Roberts, 39 F.3d 10 (1st Cir. 1994)) did not mention Custis and explicitly analyzed the procedures used by the Massachusetts courts during the proceedings that were continued without a finding. See Dubovsky, 279 F.3d at 5; Morillo, 178 F.3d at 18; Nicholas, 133 F.3d at 134-37; Roberts, 39 F.3d at 13-14. Reyes sees within the methodology of Dubovsky, Morillo, Nicholas, and Roberts an implicit recognition that the rule applied in Wall, Delgado, and Brackett does not bar an individualized assessment whether the defendant admitted guilt or was found guilty in the proceeding in which his prior CWOF judgment was rendered. We reject Reyes's argument.

We are as bound by the holdings of Dubovsky and Morillo as was the district court. See Charlesbank Equity Fund II v. Blinds to Go, Inc., 370 F.3d 151, 160 n.4 (1st Cir. 2004) (observing that, in a multipanel circuit, a new panel is bound by prior panel decisions directly on point absent intervening and binding authority which undermines or calls into question the prior panel's judgment). Accordingly, we are obliged to uphold the court's inclusion of the CWOF disposition in Reyes's criminal history calculation. In any event, we see no inconsistency

between, on the one hand, <u>Dubovsky</u>, <u>Morillo</u>, and the earlier cases analyzing how Massachusetts CWOF dispositions should be treated for purposes of U.S.S.G. § 4A1.2(f), and, on the other, <u>Wall</u>, <u>Delgado</u>, <u>Brackett</u>, and similar cases.  In the <u>Dubovsky</u> line of cases, we merely analyzed whether the proceedings with Massachusetts CWOF findings are by their nature proceedings in which the federal defendant can be said to have been found guilty or to have admitted guilt.  Repeated analyses were made necessary because the Massachusetts legislature has more than once amended the relevant procedural framework.  <u>See</u> <u>Roberts</u>, 39 F.3d at 11.  But we in no way suggested that the rule articulated in <u>Wall</u> would not apply once we had determined that Massachusetts CWOF dispositions are to be counted under U.S.S.G. § 4A1.2(f).  Reyes has not presented us with any basis for disregarding the <u>Wall</u> rule in this context, and we can see no reason for doing so.

<u>Affirmed</u>.