# United States Court of Appeals
## For the First Circuit

No. 04-1100

UNITED STATES OF AMERICA,

Appellee,

v.

GREGORY FRASER,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Selya, Lynch and Howard, Circuit Judges.

Thomas J. Connolly on brief for appellant.
F. Mark Terison, Senior Litigation Counsel, and Paula D.
Silsby, United States Attorney, on brief for] appellee.

November 10, 2004

**Per Curiam**.   After Gregory Fraser pleaded guilty to possessing stolen firearms, in violation of 18 U.S.C. § 922(j), he was sentenced to 54 months' imprisonment.  In this appeal from that sentence, Fraser argues that the district court erred in counting a prior state-court continuance without a finding in calculating his base offense level and his criminal history score under the federal Sentencing Guidelines.  In addition, in a supplemental brief, he argues that, under the Supreme Court's recent decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), he is entitled to have his sentence recalculated without reliance on two factors--the prior continuance without a finding and the involvement of 29 guns in the present offense--that were neither admitted by him nor proved to a jury beyond a reasonable doubt.  For the reasons discussed below, we affirm the sentence.

## DISCUSSION

A.  Use of State-Court Continuance Without a Finding in Computing Fraser's Sentence Under the Guidelines

In calculating Fraser's sentence under the Guidelines, the district court used Fraser's state-court continuance without a finding in three ways--in setting his base offense level at 20 (based on a "prior conviction") and in giving him one criminal history point for a "prior sentence" and two criminal history points for being under a "criminal justice sentence" when he

-2-

committed the present federal offense.[1]  In reviewing those calculations, this court accepts the district court's factual findings unless they are clearly erroneous and gives due deference to the district court's application of the Guidelines to those facts.  18 U.S.C. § 3742(e); United States v. DiPina, 230 F.3d 477, 482 (1st Cir. 2000).  For the reasons discussed below, we conclude that each of those uses of the continuance without a finding was consistent with the Guidelines.

### 1.  Base Offense Level

Under section 2K2.1(a)(4)(A), the base offense level for violating 18 U.S.C. § 922(j) is 20 where the defendant has a prior felony conviction for a crime of violence.[2]  For that purpose, the Guidelines define "conviction" as an "adult conviction," which, for an offense committed before the defendant was 18 years old, is a conviction "classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted."  USSG § 2K2.1, comment. (n. 5).  As Fraser concedes, under Massachusetts law (the law of the jurisdiction where Fraser was convicted), a 17-year-old

---

[1]Fraser also claims, without explanation, that the base offense level of 20 further precluded the court from granting him a two-level reduction for his allegedly minor role in the present offense.  However, under the applicable Guideline, USSG § 3B1.2, a defendant's prior criminal history is irrelevant to whether he is entitled to a reduction based on his minor role in the offense of conviction.

[2]Fraser does not dispute that this state breaking-and-entering offense was a "felony" and a "crime of violence."

offender is considered an adult rather than a juvenile. See Mass. Gen. Laws ch. 119, § 52. Accordingly, as Fraser further concedes and as the district court found, Fraser's breaking-and-entering proceeding took place in adult rather than juvenile court.

The only remaining question is, therefore, whether the disposition of that proceeding was a "conviction" within the meaning of section 2K2.1(a)(4)(A). The answer to that question turns on whether the disposition is countable for purposes of awarding a criminal history point under section 4A1.1. See USSG § 2K2.1 comment. (n. 15). Because, as discussed immediately below, Fraser's previous continuance without a finding is countable for purposes of calculating his criminal history category, it is also usable in calculating his base offense level.

2. Criminal History Point for "Prior Sentence"

For purposes of awarding criminal history points under section 4A1.1(c), a disposition is countable if it is a "prior sentence," which is defined to mean "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere," USSG § 4A1.2(a)(1), even where "the imposition . . . of sentence was totally suspended or stayed," USSG § 4A1.2(a)(3). Applying that definition, we previously have held that "a continuance without a finding, entered as a result of an admission to facts sufficient to warrant a finding of guilt under Massachusetts law, is counted as a sentence for purposes of

-4-

calculating criminal history points in sentencing." United States v. Dubovsky, 279 F.3d 5, 8 (1st Cir. 2002) (citing United States v. Morillo, 178 F.3d 18, 21 (1st Cir. 1999)); see also United States v. Reyes, 2004 WL 2348554, *2 (1st Cir. Oct. 20, 2004).

Under that definition, even if the defendant was under 18 when he committed the offense in question, the sentence imposed for that offense, by either a juvenile or an adult court, counts as a "prior sentence" as long as the sentence was imposed within five years of the commission of the offense for which the defendant is presently being sentenced. USSG § 4A1.2(d); id., comment. (n.7). Here, the state-court continuance without a finding was imposed only a few months before Fraser committed the present firearms-possession offense and is therefore countable as a "prior sentence" under section 4A1.1(c) regardless of his age.

Nor does it matter that the state-court disposition was diversionary in nature. Under section 4A1.2(f), "[a] diversionary disposition resulting from . . . an admission of guilt . . . in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction was not formally entered."[3] An admission to sufficient facts under Massachusetts procedure is deemed "an admission of guilt" for this purpose. United States v. Nicholas,

_____

[3]As indicated in the commentary to this provision, counting such diversionary dispositions "reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency." USSG § 4A1.2, comment. (n. 9).

-5-

133 F.3d 133, 135 (1st Cir. 1998) (citing United States v. Roberts, 39 F.3d 10, 13 (1st Cir. 1994)). The exception to this rule for "a diversion from juvenile court," which is not counted, USSG § 4A1.2(f), is inapplicable here, since the disposition was from adult, not juvenile, court.

Fraser's final argument--that the procedures followed by the state court in accepting his admission to sufficient facts were deficient in various respects and that the resulting disposition should therefore not be counted for sentencing purposes--is also unavailing. Where, as here, "the district court determined that [Fraser] had admitted guilt in open court and that there was a judicial determination by the state court judge of facts sufficient to support a finding of guilt[,] [t]hat is sufficient under the Guidelines." Nicholas, 133 F.3d at 137; see also DiPina, 230 F.3d at 485. While the government has the burden of establishing those basic facts, once that is done, the burden shifts to the defendant to offer evidence that what actually happened did not constitute an admission of guilt. Nicholas, 133 F.3d at 136. Here, Fraser declined to produce any such evidence.

Moreover, even if the procedures used by the state court were somehow deficient, that would not warrant discounting the disposition for purposes of sentencing. In this context, such a collateral attack is foreclosed, absent a claim, not made here, that the defendant was entirely without counsel. Custis v. United

States, 511 U.S. 485, 496 (1994); United States, v. Burke, 67 F.3d 1, 3 (1st Cir. 1995).  As we previously explained, allowing such challenges "would hopelessly complicate sentencing under the federal Guidelines" and compromise the finality of state-court judgments.  Burke, 67 F.3d at 3.

Accordingly, the district court was correct in counting Fraser's continuance without a finding as a "prior sentence" warranting one criminal history point under section 4A1.1(c).

### 3.  Criminal History Points for Being "Under a Criminal Justice Sentence"

The district court also correctly gave Fraser two additional criminal history points for "committ[ing] the instant offense while under [a] criminal justice sentence, including probation."  USSG § 4A1.1(d).  For purposes of this provision, "a 'criminal justice sentence' means a sentence countable under § 4A1.2 . . . having a custodial or supervisory component, although active supervision is not required for this item to apply." Id. § 4A1.1, comment. (n. 4).  As discussed above, the state-court continuance without a finding was countable as a "prior sentence" under section 4A1.2.  It also had a "custodial or supervisory component."

Although we have not heretofore had occasion to make this interpretation, other circuits have found criminal dispositions to have a "custodial or supervisory component" where the sentencing court imposes conditions that, if violated, could result in

-7-

revocation of the more lenient disposition and imposition of a harsher one.  See, e.g., United States v. Gorman, 312 F.3d 1159, 1165-67 (10th Cir. 2002) (collecting cases).  Here, as conditions for continuing Fraser's breaking-and-entering case without a finding until February 2004, the state court required that Fraser make restitution, do community service, go to school or work full time, report periodically to the probation department, and incur no new arrests.  If those conditions were violated, the state court could revoke the continuance without a finding, enter a finding of guilty, and impose a sentence as provided by the applicable statute.  See Mass. R. Dist. Ct. Prob. Viol. P. 9.  Indeed, upon Fraser's arrest for the instant federal offense in April 2003, the state court did find a violation of his probation and issued a warrant for his arrest.  Accordingly, the district court correctly gave Fraser two criminal history points for being under a criminal justice sentence when he committed the instant offense.

B.  Blakely Issues

Because Fraser raised his Blakely-related claims for the first time on appeal, they are reviewable, if at all, under a plain error standard.  Fraser makes two such claims:  that, under Blakely, he was entitled to have a jury decide, beyond a reasonable doubt, (i) what happened at the state-court proceedings that resulted in a continuance without a finding, and (ii) how many

-8-

firearms were involved in the instant offense.[4]  Neither of those claims survives plain error review.

"In determining whether an error is plain, the court considers four factors:

> [B]efore an appellate court can correct an error not raised [below], there must be (1) error, (2) that is plain, and (3) that affects substantial rights.  If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

United States v. Savarese, 2004 WL 2106341, *6 (1st Cir. Sept. 22, 2004) (internal quotation marks and citations omitted).  Under these standards, the errors alleged here were not "plain."

First, in the absence of a Supreme Court pronouncement that Blakely applies to the federal sentencing guidelines, see Blakely, 124 S. Ct. at 2538 n.9 (stating that "[t]he Federal Guidelines are not before [the Court] and . . . express[ing] no opinion on them"), federal sentencing decisions following pre-Blakely precedents are not plainly erroneous, United States v. Cordoza-Estrada, 2004 WL 2179594, *4 (1st Cir. Sept. 29, 2004); United States v. Morgan, 384 F.3d 1, 8 (1st Cir. 2004).  Under those precedents, only a "fact that increases the penalty for a crime

---

[4]Based on the presentence report's finding, which the district court adopted, that 29 firearms were involved in the offense, Fraser's offense level was increased by 6 levels under section 2K2.1(b)(1)(C) of the Guidelines.

beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (emphasis added); see also, e.g., United States v. Collazo-Aponte, 281 F.3d 320, 324 (1st Cir.) (finding no right to jury trial on sentencing factors where, even with enhancements, defendant's sentence was less than applicable statutory maximum), cert. denied, 537 U.S. 869 (2002).  Here, the 54-month sentence imposed falls far short of the statutory maximum penalty of ten years' imprisonment for possessing stolen firearms in violation of 18 U.S.C. § 922(j).  See 18 U.S.C. § 924(a)(2). Accordingly, under pre-Blakely precedent "(not yet clearly established to be erroneous), . . . [no] plain error occurred." Morgan, 384 F.3d at 8.

A second ground for finding no plain error, at least with respect to the district court's finding that the continuance without a finding was a "conviction," is that, under Apprendi, and even under Blakely, the fact of a conviction need not be proved to a jury beyond a reasonable doubt.  See Blakely, 124 S. Ct. at 2536; Apprendi, 530 U.S. at 476.  To the extent that Fraser is challenging the district court's legal, rather than factual, conclusions about the continuance without a finding, Blakely has no bearing on any such legal challenges.

A third ground for finding no plain error, at least with respect to the number of firearms involved, is that Fraser did not

contest in the district court the facts that he now argues should have been submitted to a jury and that, therefore, "there is no basis for concluding that the [failure to submit those facts to a jury] seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." Savarese, 2004 WL 2106341, at *7 (internal quotation marks and citations omitted). Although Fraser initially objected to the probation officer's finding that he was accountable for 29 guns, at the presentencing conference he expressly waived his firearms objections and did not raise them again in the district court or in his opening brief on appeal.

We need go no further. To sum up, we find no error in the district court's calculations incident to Fraser's sentence under the Guidelines and no plain error in failing, sua sponte, to have the two challenged sentencing factors determined by a jury beyond a reasonable doubt. Accordingly, the sentence is affirmed.