**Davis et al. v. Kozlowski et al.**      CV-04-1338-B  03/17/05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**Scott Davis, et al.**

                                    MDL No. 02-1335-PB
    **v.**                          Civil No. 04-1338-PB
                                    Opinion No. 2005 DNH 049
**Dennis Kozlowski, et. al.**



MEMORANDUM AND ORDER

In December 2003, Scott Davis filed a class action lawsuit in Cook County, Illinois alleging state law claims for negligent misrepresentation, common law fraud, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty. Asserting that these claims fall within the purview of the Securities Litigation Uniform Standards Act ("SLUSA" or the "Act"), defendants[1] removed the action from state to federal court. 15 U.S.C. §§ 77p(b), (c). Davis has filed a motion to remand. (Doc. No. 253).

---

[1] The named defendants are Dennis Kozlowski, Mark H. Swartz, Mark A. Belnick, Frank E. Walsh, Jr., Michael A. Ashcroft, Tyco International, Ltd. ("Tyco"), PricewaterhouseCoopers, L.L.P., Phua K. Young, and Merrill Lynch, Pierce, Fenner and Smith ("Merrill Lynch").

Defendants oppose this motion and have filed cross-motions to dismiss. (Doc. Nos. 267, 271, 275). In what follows, I explain why I grant Davis's motion to remand and deny defendants' motions to dismiss.

## I. BACKGROUND

### A. Plaintiff's Claims

Davis, a resident of Cook County Illinois, alleges that he purchased stock in Tyco International, Ltd. on or before December 13, 1999, and that he retained this stock through June 3, 2002. He argues that defendants knowingly and recklessly made or permitted others to make misrepresentations and omissions of material fact about Tyco's operations, financial position, and performance during this period. He asserts that these misrepresentations and omissions were made to artificially inflate the value of the company's stock so that investors, like him, would retain their stake in the company. The purported class Davis seeks to represent are shareholders who "acquired securities of Tyco prior to December 13, 1999 and held them through June 3, 2002 inclusive (the "Class Period")." Purchasers

of Tyco's stock during this period are expressly excluded from the class.

**B.**   **SLUSA's Removal and Dismissal Provisions**

SLUSA provides in pertinent part:

(b) Class action limitations:

No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging --

(1) a misrepresentation or omission of material fact in connection with the purchase or sale of a covered security; or

(2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a security.

(c) Removal of covered class actions

Any covered class action brought in any State court involving a covered security as set forth in subsection (b) shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

15 U.S.C. §§ 77p(b), (c).

Believing the Act to apply in this case, defendants removed the suit to federal court.

## II. DISCUSSION

To establish that Davis's claims fall within the scope of SLUSA, defendants must demonstrate: (1) that this action is a covered class action; (2) purporting to be based on state law; and (3) that the action alleges a misrepresentation or omission of material fact (4) in connection with the purchase or sale of a covered security. See Pl.'s Mot. to Remand at 4 (Doc. No. 253) (citing Gordon v. Buntrock, 2000 WL 556763 at *2 (N.D. Ill., Apr. 28, 2000)); Tyco's Opp. to Mot. to Remand at 7 (Doc. No. 277). Davis concedes that he has brought a "covered class action" "based on state law" involving a "covered security" within the meaning of the Act. Whether SLUSA applies thus turns on one question: was the alleged misconduct committed "in connection with the purchase or sale of a security?"

### A. Recent Rulings by Federal Courts Interpreting SLUSA

All of the circuit courts that have ruled on this issue, including panels of the Second, Eighth, Ninth and Eleventh Circuit Courts of Appeals, have concluded that misconduct is committed "in connection with the purchase or sale of a security," only if a defendant's malfeasance has induced a class

-4-

of plaintiffs to actually purchase or sell securities. See Dabit, 395 F.3d 25, 43 (2d Cir. 2005) (noting that its holding "aligns [it] with every circuit court that has considered the question thus far"); Green v. Ameritrade, Inc., 279 F.3d 590, 597-99 (8th Cir. 2002); Falkowski v. Imation Corp., 309 F.3d 1123, 1131 (9th Cir. 2002); Riley v. Merrill Lynch, Pierce, Fenner & Smith, 292 F.3d 1334, 1342-43 (11th Cir. 2002); Atencio v. Smith Barney, Citigroup, Inc., 2005 WL 267556, *4 (S.D.N.Y., Feb. 2, 2005); Grabow v. PriceWaterhouseCoopers LLP, 313 F. Supp. 2d 1152, 1156 (N.D. Okla. 2004); Feitelberg v. Credit Suisse First Boston, LLC, 2003 WL 22434098, *4-*5 (N.D. Cal., Oct. 24, 2003); Gutierrez v. Deloitte & Touche, L.L.P., 147 F. Supp. 2d 584, 595 (W.D. Tex 2001); Chinn v. Belfer, 2002 WL 31474189, *5 (D. Or., June 19, 2002). Claims by "holders" of securities, these courts have held, do not qualify.

The Second Circuit's recent decision in Dabit provides the most detailed analysis of the issue. After addressing each of the arguments that the defendants make in this case, the Dabit court concluded that a plaintiff who is injured only in his capacity as a holder of covered securities does not have a claim

that is subject to removal and preemption under SLUSA.  <u>Id.</u> at 43-44.  I agree with this conclusion.

**B.   <u>Does SLUSA Apply to Davis's Claims?</u>**

The question that remains is whether SLUSA applies to Davis's claims.  Defendants argue that it does.  First, defendants assert that SLUSA applies because Davis "alleged" that he purchased stock during the class period.  Next defendants argue that SLUSA applies because Davis included in his complaint a description of facts that occurred prior to the beginning of the class period.  These facts, defendants argue, occurred before some members of the class purchased Tyco stock.  Defendants thus maintain that their inclusion provides the "connection" with security purchases necessary to bring the case under SLUSA's provisions.  I treat each argument in turn.

**1.   <u>Allegations of Purchases During the Class Period</u>**

As to the defendants' first argument, they are correct that the mere allegation of a purchase or sale of stock during the class period would be enough to bring Davis's case under SLUSA's provisions.  In <u>Dabit,</u> the court held that

a plaintiff who alleges the purchase and retention of

-6-

> securities. . .but who forswears *damages* from the purchase and seeks only "holding damages" has still run afoul of SLUSA, which by its plain terms preempts claims "alleging" fraud in connection with the purchase or sale, and not merely claims seeking damages.

395 F.3d at 45. Such suits, the court held, "sweep in the claims of [plaintiffs] who purchased the stock during the class period," id. at 46, and must therefore be dismissed without prejudice. See id. at 47. I agree with the court's reasoning on this point.

The rule does not apply, however, where the "lead plaintiff" has expressly excluded from the class claimants who purchased securities in connection with the alleged fraud. Id. at 46. Here, Davis has done exactly that. Not only does his complaint explicitly seek to represent only plaintiffs who were induced to retain Tyco securities, Compl. ¶ 3, it expressly excludes purchasers from the class definition. Compl. ¶ 413. Unlike the plaintiffs in Dabit, then, Davis has not swept stock purchases into the complaint.

## 2. Allegations of Purchases Prior to the Class Period

As to defendants' second argument, in the context of SLUSA actions, facts included in the complaint that occurred prior to the beginning of the class period have been treated as

"background facts," and have therefore been deemed irrelevant in determining whether SLUSA applies. See, e.g., Gordon, 2000 WL at *3. The distinction that courts have drawn between "background facts" and "ultimate facts" is a useful one. The first category of facts merely adds context. The second category provides the actual factual basis upon which the claims are based. Courts have been particularly willing to distinguish between the two where a plaintiff has gone "to great lengths to stress that his complaint alleges misrepresentations *only* in the holding of securities and expressly disavows any injury resulting from the purchase or sale of securities." Id. ; see also, Gutierrez, 147 F. Supp. 2d 584, 594-95 (treating thirty-nine pages describing how plaintiff was duped into purchasing stock as "background facts" that did not bring the plaintiff's case under SLUSA's provisions). As noted above, Davis has gone to great lengths to do so here. I therefore conclude that the facts alleged by Davis describing defendants' pre-class period conduct merely provide background information. Defendants' argument that the presence of these facts brings plaintiffs claims under SLUSA must thus be rejected.

### III. <u>CONCLUSION</u>

Davis otherwise alleges only that he retained stock as a result of defendants' alleged malfeasance.  As explained, this action falls outside of SLUSA's purview.  No other federal question is raised.  I therefore lack subject matter jurisdiction over the suit, and am required to remand the removed action to Cook County.  Plaintiff's motion to remand (Doc. No. 253) is thus granted and defendants' motions to dismiss (Doc. Nos. 267, 271, 275) are denied.  All other pending motions between the parties are mooted (Doc. Nos. 271-73, 281).  The clerk is instructed to enter judgment accordingly.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

March 17, 2005

cc:  Counsel of Record